**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN C. BOHDAN**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED

Apr 17 2014, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BEN L. MACON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1309-CR-364 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1305-FB-93

**April 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Following a jury trial, Ben Macon was found not guilty of Count I, robbery as a Class B felony, and Count II, battery as a Class C felony, but Macon was found guilty of Count III, battery by body waste as a Class D felony. Macon appeals the trial court's denial of his Motion for Severance of Counts and Separate Trials, raising the following issue for our review: whether the trial court erred by denying Macon's motion to sever Count III from Counts I and II and hold two separate trials. Concluding Macon was not entitled to a severance of offenses as a matter of right, we affirm.

## Facts and Procedural History

On May 13, 2013, Macon entered the apartment owned by James Hogue, who was an acquaintance of Macon's. The discussion quickly became heated as a dispute arose regarding whether Macon owed money to Hogue. Hogue grabbed a knife and threatened Macon, at which point Macon struck Hogue with a meat tenderizer. After Macon left, Hogue called 911. Hogue told police that Macon had entered Hogue's apartment uninvited, attacked Hogue, and stole money from him.

Police caught up with Macon the following day and arrested him based on Hogue's account of the incident. Officer Christopher Brautzsch and Officer Jon Bonar transported Macon to the Allen County Jail. However, Macon had a chronic leg condition, and Allen County policy required that Macon be medically cleared before admittance to the jail. The officers took Macon to the local hospital, and Macon remained uncooperative throughout the ordeal. Upon arrival at the hospital, Macon stepped out of the police car and stood within inches of Officer Bonar. Macon then began yelling at Officer Bonar and spit in his face.

2

Macon was charged as follows: Count I, robbery as a Class B felony; Count II, battery as a Class C felony; and Count III, battery by body waste as a Class D felony. Counts I and II were based on the altercation that occurred between Macon and Hogue. Count III related to Macon's act of spitting on Officer Bonar after Macon was arrested the next day. Prior to the commencement of Macon's jury trial, Macon moved to sever Count III from Counts I and II and to hold separate trials. The trial court denied Macon's motion, and the trial was held as scheduled. The jury found Macon not guilty of Counts I and II but guilty of Count III. Macon received a three year sentence. This appeal followed.

## Discussion and Decision

### I. Standard of Review

Macon argues he was entitled to have his offenses severed and that the trial court erred by denying his motion to sever. The following statute provides when the severance of offenses is appropriate for charges against a criminal defendant:

> Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
>
> (1) the number of offenses charged;
> (2) the complexity of the evidence to be offered; and
> (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

Ind. Code § 35-34-1-11(a). The statute creates two classifications: (1) severance of offenses as a matter of right and (2) severance of offenses by trial court discretion. Id.

3

Whether a defendant is entitled to severance as a matter of right is reviewed de novo. Booker v. State, 790 N.E.2d 491, 494 (Ind. Ct. App. 2003), trans. denied. Conversely, where a defendant is not entitled to severance as a matter of right, we review the trial court's denial of severance for an abuse of discretion. Craig v. State, 730 N.E.2d 1262, 1265 (Ind. 2000).

## II.  Severance of Offenses

Macon was not entitled to have his counts severed as a matter of right. As stated above, a defendant is entitled to severance as a matter of right when his offenses have been joined together "solely on the ground that they are of the same or similar character." Ind. Code § 35-34-1-11(a). The State argues the offenses were not joined solely on the ground that they were the same or similar in character. Rather, the State asserts that Count III was joined with Counts I and II because Count III was related to the officers' investigation of the circumstances surrounding Counts I and II. Indeed, Macon's act of spitting in Officer Bonar's face occurred after he was arrested on suspicion of robbery and battery. We agree that the offenses in this case were not entirely separate and distinct acts, nor were they joined solely because they were similar in character. The charged offenses were based on a series of acts that were connected together, and Macon's offenses could be properly joined on that basis. See Ind. Code § 35-34-1-9(a)(2) ("Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses . . . are based on the same conduct or

on a series of acts connected together . . . .").  Therefore, we do not believe Macon was entitled to severance as a matter of right.[1]

Conclusion

Concluding the trial court did not err by denying Macon's motion to sever and hold separate trials, we affirm.

Affirmed.

RILEY, J. and BRADFORD, J., concur.

---

[1] Macon argues only that he was entitled to severance as a matter of right, and his brief does not provide an argument that the trial court abused its discretion by failing to conclude severance was appropriate to promote a fair determination of Macon's guilt or innocence.  See Ind. Code § 35-34-1-11.  Because Macon did not develop an argument that the trial court abused its discretion, we consider that potential argument forfeited.  See Mallory v. State, 954 N.E.2d 933, 936 (Ind. Ct. App. 2011).